IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

STACIA CROMARTIE                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )CIVIL ACTION NO. 2:16cv83-WHA-SRW
                                    )
E. PEYTON FAULK, et al.             )
                                    )
            Defendants.             )

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 10, 2016, the above-styled matter was referred to the undersigned for review by United States District Judge W. Harold Albritton. (Doc. # 3); see also 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; United States v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990). Plaintiff, who is proceeding *pro se*, removed this dispute to the U.S. District Court for the Middle District of Alabama from the Circuit Court of Montgomery County, Alabama. (Doc. # 1). There are eight pending motions; however, only the plaintiff's motion for leave to proceed *in forma pauperis* is considered at this time. (Doc. # 2). Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for leave to proceed *in forma pauperis* is GRANTED.

Upon review of the notice of removal and the attached state court record, especially

the plaintiff's complaint and proposed amended complaints,[1] the court concludes that plaintiff does not have a statutory right to remove this cause to federal court and, separately, that the plaintiff has not met her burden to demonstrate subject matter jurisdiction.[2] Consequently, this matter is due to be remanded.

## DISCUSSION

### I.   Propriety of Removal

The Supreme Court observed that

> [t]he right of removal is entirely a creature of statute and "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Great Northern R. Co. v. Alexander, 246 U.S. 276, 280, 38 S.Ct. 237, 62 L.Ed. 713 (1918) (citing GoldWashing and Water Co. v. Keyes, 96 U.S. 199, 201, 24 L.Ed. 656 (1878)). These statutory procedures for removal are to be strictly construed. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (noting that policy underlying removal statutes "is one calling for the strict construction of such legislation"); Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ("Due regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); Matthews v.

---

[1] The state court record includes the plaintiff's initial complaint, a first amended complaint, and a second amended complaint. That record also contains the plaintiff's motions for leave to file the first and second amended complaints, and it is not evident that the state court ruled on those motions or allowed the amended complaints to be filed into the record. Further, it has not been established that Alabama law permits the amendments in the absence of court approval. Thus, it is not readily clear which of those pleadings is the operative complaint. For purposes of assessing subject matter jurisdiction, the court will not resolve which is the controlling complaint, and will consider the contents of all complaints – the initial complaint, first amended complaint, and second amended complaint – for the limited purpose of assessing whether there is a basis for subject matter jurisdiction in the allegations or claims found in any of those pleadings.

[2] A court's subject matter jurisdiction is its authority to hear and decide a controversy. See, e.g., Beach TV Cable Co. v. Comcast of Florida/Georgia, LLC, 808 F.3d 1284, 1288 (11th Cir. 2015) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case[.]") (citations omitted).

Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447 (1932); Kline v. Burke Constr. Co., 260 U.S. 226, 233-234, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 369-70, 154 L. Ed. 2d 368 (2002).  In her notice of removal, the plaintiff does not offer any statutory authority to support removing her state court case to federal court.  Removal is governed, in almost all cases, by 28 U.S.C. §§ 1441 and 1446.

"[P]laintiffs are the master of the complaint: they choose whether to pursue their claims in state or federal court."  Manley v. Ford Motor Co., 17 F. Supp. 3d 1375, 1380 (N.D. Ga. 2014).  The plaintiff chose to file her case in state court.  A plaintiff who chooses to file a lawsuit in state court does not have a statutory right to remove that case to federal court because the removal statutes only permit removal by a "defendant."  28 U.S.C. §§ 1441, 1446 (discussing a defendant's right to remove to federal court if there is subject matter jurisdiction in a federal forum).  Courts have narrowly construed the term "defendant" in § 1441, and refused to allow any party except a true defendant to remove to federal court. See, e.g., Title Pro Closings, LLC v. Tudor Ins. Co., 840 F. Supp. 2d 1299, 1303 (M.D. Ala. 2012) (noting that a third party defendant cannot remove a state court case to federal court because it is not a "defendant") (citations omitted); Federal Nat. Mortgage Ass'n v. Morris, __ F. Supp. 3d __, 2015 WL 4617175 (N.D. Ala. July 31, 2015) (a counterclaim defendant is not a "defendant" entitled to remove to federal court).  In essence, removal is a tool only allowed to a defendant.  A plaintiff, as master of the complaint, enjoys the right to choose whether to proceed in state court or federal court, assuming subject matter jurisdiction in

3

either forum.

Because the plaintiff has no statutory right to remove this cause, it is due to be remanded as improvidently removed.

## II. Subject Matter Jurisdiction

In addition to the impropriety of removal, the notice of removal does not establish this court's subject matter jurisdiction. The court's authority to act must be established before a case can proceed. See Beach TV Cable Co. v. Comcast of Florida/Georgia, LLC, 808 F.3d 1284, 1288 (11th Cir. 2015) ("'Unless and until jurisdiction is found, both appellate and trial courts should eschew substantive adjudication.'") (quoting Belleri v. United States, 712 F.3d 543, 547 (11th Cir. 2013) (quoting, in turn, Opelika Nursing Home, Inc. v. Richardson, 448 F.2d 658, 667 (5th Cir. 1971))).[3] If the court lacks subject matter jurisdiction, this case must be remanded to the state court from which it was removed. See 28 U.S.C. § 1447(c).[4]

According to the plaintiff's state court complaint and her amended complaints, in October 2012, she contacted attorney E. Peyton Faulk to seek legal advice. The plaintiff alleges that she was the victim of "hazing" by the Alabama State University marching band, and that Ms. Faulk agreed to file a lawsuit on the plaintiff's behalf against Alabama State University. According to the plaintiff's allegations, she had an attorney-client relationship

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[4] The statute provides, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

4

with Ms. Faulk beginning in October 2012.  She also maintains that Ms. Faulk did not file the lawsuit against Alabama State University in a "timely manner," and  "[t]he statute of limitation on this case ran out and [plaintiff] was not able to seek another legal counsel ...." (Doc. # 1-2 at p. 4).  It is not evident from the state court complaints whether Ms. Faulk ever filed a case on the plaintiff's behalf.

In this lawsuit, the plaintiff seeks relief for Ms. Faulk's alleged failure to bring suit in a timely manner against Alabama State University and for terminating their attorney-client relationship in a way that damaged the plaintiff.  She also sues attorney Anthony Bush, paralegal Adriene Robinson, The Law Office of E. Peyton Faulk, LLC, and The Law Office of Bush and Faulk, PLLC.

Under a liberal and broad reading of the plaintiff's complaint and proposed amended complaints, the plaintiff brings claims arising under Alabama law for negligence and breach of contract against all defendants.  She also accuses the attorneys of professional malpractice and violations of the Alabama Rules of Professional Conduct. In her second amended complaint, the plaintiff seeks redress against all defendants for interfering with what plaintiff avers is her constitutional right to "redress grievances" and for defendants' alleged role in "[a]ssisting in a hate crime," legal malpractice, and "[w]itness [t]ampering by ([i]ntimidating a [w]itness)." (Doc. # 1-12 at pp. 1-2, 5).  As to damages, in the second amended complaint, the plaintiff seeks compensatory damages in the amount of $64,600 and additional damages totaling $10,000,000.00.

5

In her notice of removal, the plaintiff explains that the only reason she seeks adjudication of this lawsuit in federal court is because she is "afraid [she] will not get a fair trial in state court." (Doc. # 1 at p. 1). However, her desire to proceed in a federal court, standing alone, is not sufficient to trigger a federal court's subject matter jurisdiction.

Federal district courts are courts of limited jurisdiction. The court's power to hear a case depends on whether it is authorized to do so by the United States Constitution and by federal statute. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). Congress has authorized the federal courts to resolve disputes arising "under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331),[5] and to resolve certain disputes in which there is diversity of citizenship between the parties, including those in which the opposing parties are citizens of different States (28 U.S.C. § 1332).

A removing party ... must demonstrate the existence of federal jurisdiction. See, e.g., Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the [party] seeking removal"); City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). A removing party's burden to establish federal jurisdiction is "a heavy one." Pacheco de Perez v. AT&T

---

[5] It is worth noting that "[t]he mere alleging of a violation of constitutional rights will not in and of itself give one access to the federal courts." Kochhar v. Auburn Univ., 304 F. Supp. 565, 567 (M.D. Ala. 1969) (Johnson, J.).

Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

After a careful review of the record, the court finds that there is no source of subject matter jurisdiction that can be gleaned from the notice of removal and the state court filings. Plaintiff does not assert a claim arising under federal law in her state court complaints; consequently, there is not subject matter jurisdiction pursuant to § 1331.  Plaintiff has not demonstrated § 1332 jurisdiction, and it is her burden to do so, because there is no allegation or evidence in the record of any party's citizenship. Thus, the court is compelled to recommend remand.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be REMANDED to the Circuit Court of Montgomery County, Alabama.  Plaintiff lacks a statutory right to remove this case to federal court, and, alternatively, she has not shown subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff.  The plaintiff may file any objections to this Recommendation on or before **March 1, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de*

*novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; see Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013).

Done, this 16th day of February, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

8